IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RICHARD C. BEALS, | Case No. 2:87-CR-143BSJ |
| Petitioner, | **ORDER RE: APPOINTMENT OF PRO BONO COUNSEL** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \*

On January 25, 1988, petitioner RICHARD C. BEALS was tried before a jury on a five-count superseding indictment. On January 26, 1988, after the close of the evidence, this court granted Beals' motion to dismiss Count I. Closing arguments, in which Beals participated as his own co-counsel, followed. The jury deliberated for six hours, returning a verdict acquitting Beals on Counts II and III, and finding him guilty on Counts IV and V (interstate transmission of a threatening communication). On March 4, 1988, Beals was sentenced to two concurrent five-year sentences of imprisonment. Imposition of those sentences was stayed, and Beals was placed on four years' probation.

Beals appealed his conviction to the United States Court of Appeals for the Tenth Circuit, which affirmed.

At a hearing on November 16, 1989, Beals admitted violating the terms of his probation, was referred for a psychiatric evaluation. On March 16, 1990, this court resentenced Beals, again staying the imposition of his original sentence and placing him on three years' probation.

On September 20, 1990, Beals appeared before the court on another probation violation, and on October 1, 1990, he was again resentenced to three years' probation, imposition of his sentence of five years' imprisonment having again been stayed.

On October 10, 1991, Beals appeared before the court on yet another probation violation, and on October 15, 1991, was resentenced to one year of probation, imposition of five years' imprisonment once again being suspended. No further probation violations having been charged, this court entered an order terminating supervision of Beals on October 29, 1992.

While serving his terms of probation, Beals filed several motions to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. The first, filed on July 14, 1989 (*Richard C. Beals v. United States*, Civil No. 89-C-633J), was denied upon the Report and Recommendation of United States Magistrate Judge Ronald N. Boyce. Beals did not appeal.

On May 16, 1990, Beals filed his second § 2255 motion (*Richard C. Beals v. United States*, Civil No. 90-C-434J), which he amended on August 13, 1990 to assert additional claims. Based upon the Report and Recommendation of United States Magistrate Judge Calvin Gould, the court denied Beals' second § 2255 motion on February 3, 1992. Beals appealed, and in May of 1992, the Tenth Circuit dismissed his appeal.

On March 18, 1992, Beals filed his third § 2255 motion (*Richard C. Beals v. United States*, Civil No. 92-C-237J), which this court denied on May 12, 1992. Beals did not appeal.[1]

---

[1] After his third § 2255 motion had been dismissed, Beals filed a civil lawsuit against the U.S. Department of Justice, this court, an Assistant U.S. Attorney, a federal public defender, and a state court judge, as well as several private attorneys and other parties (*e.g.*, the Church of Jesus Christ of Latter-Day Saints), that Beals alleged were involved in the circumstances surrounding his 1988 conviction for threatening communications. On November 22, 1993, Judge David K. Winder entered an order adopting reports and recommendations by United States Magistrate Judge Samuel Alba and entered judgment dismissing Beals' complaint with prejudice as to all defendants. (*Richard Beals v. United States Dept. of Justice, et al.*, Civil No. 2:93-CV-153DKW (D. Utah).) Beals did not appeal from that judgment.

On February 7, 1994, Beals filed his fourth § 2255 motion (*Richard C. Beals v. United States*, Civil No. 94-CV-133), and after three judicial recusals, the matter was decided by United States District Judge David K. Winder. Judge Winder adopted the Report and Recommendation of United States Magistrate Judge Samuel Alba and denied Beals' fourth § 2255 motion on October 26, 1994, on the grounds that Beals was no longer in federal custody and that his § 2255 motion merely revisited claims that were raised and rejected on their merits in hearings on previous § 2255 motions or on direct appeal.[2] Beals appealed from the denial of his § 2255 motion, and the court of appeals affirmed Judge Winder's ruling on both grounds. *United States v. Beals*, 68 F.3d 484, 1995 WL 619810 (10th Cir., Oct. 20, 1995) (Table).[3]

Over thirteen years later, on June 3, 2009, Beals filed his current motion for a Writ of Error Coram Nobis and to Restore Rights (dkt. no. 126), including a request for appointment of pro bono counsel to assist him in obtaining the writ. On June 11, 2009, the Government filed its written objection to Beals' motion (dkt. no. 127), to which Beals filed his reply on June 29, 2009 (dkt. no. 128).

This court has reviewed and considered the motion and other papers submitted by the parties, as well as the pertinent legal authority governing the extraordinary relief now sought by Mr. Beals.

Rule 60(e) of the Federal Rules of Civil Procedure expressly abolishes writs of coram

---

[2] Judge Winder further ordered that Beals was precluded from filing additional § 2255 motions without first obtaining permission from the Chief Judge of this court. Beals did not appeal from that portion of the order.

[3] In the meantime, Beals had entered a guilty plea to one count of a five-count indictment charging interstate threatening communications (18 U.S.C. § 875(c)), and on June 27, 1995, was sentenced by Judge David Sam to time already served in jail (six months) and three years of supervised release. (*United States v. Richard Beals*, Case No. 2:94-CR-200DS (D. Utah).)

nobis, among others. The Supreme Court has held that relief in the nature of coram nobis is nonetheless available in the criminal context through the All Writs Act, see *United States v. Morgan*, 346 U.S. 502, 507-10 (1954), and these days, the coram nobis remedy is "used 'to attack a judgment that was infirm [at the time it issued], for reasons that later came to light,'" *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)), in cases in which a petitioner is no longer in custody and relief under § 2255 or by writ of habeas corpus is thus unavailable. *See* 16A Fed. Proc., L. Ed. *Habeas Corpus* § 41:593 (2006-07) (explaining that "a writ of coram nobis is appropriate to correct fundamental errors and prevent injustice where a habeas corpus remedy is inadequate, such as in the case where the petitioner's sentence has been served" (footnote omitted)); *see also Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) ("[C]oram nobis is used only in those rare situations when the defendant is no longer 'in custody' (rendering [28 U.S.C.] § 2255 unavailable) yet collateral relief remains imperative to deal with lingering civil disabilities.").

The Tenth Circuit has identified three prerequisites to the granting of a writ of error coram nobis. *See Embrey v. United States*, 240 Fed. Appx. 791, 793 (10th Cir. 2007) (unpublished disposition).

> First, the petitioner bears the burden of demonstrating that he was duly diligent in bringing his claim. *Id.*; *see also Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989). Second, the "writ is only available when other remedies and forms of relief are unavailable or inadequate." *Embrey*, 240 Fed. Appx. at 794; *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ( "[C]oram nobis ... (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal."). Accordingly, " coram nobis relief is not available to litigate issues already litigated." *Klein*, 880 F.2d at 254 n. 1. Lastly, and most fundamentally, the writ "is available only to correct errors resulting in a complete

miscarriage of justice, or under circumstances compelling such action to achieve justice." *United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994); *see also Klein*, 880 F.2d at 253; *Embrey*, 240 Fed. Appx. at 794. This final prerequisite stems from the fact that "the writ continues litigation after final judgment and exhaustion of other remedies"; as such, the writ is an "extraordinary remedy." *Klein*, 880 F.2d at 253; *see also Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.") (quoting *United States v. Smith*, 331 U.S. 469, 475 n. 4, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947) (second alteration in original)).

*United States v. Ballard*, 317 Fed. Appx. 719, 720-21 (10th Cir. 2008).[4]

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. . . ." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). The "decision to appoint counsel [on collateral review] is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

In this district, as a matter of court policy,

Pro se litigants may ask the court to appoint an attorney, or counsel, for them in a civil case. The Court has a limited number of attorneys to accept cases on behalf of the Court. These attorneys serve pro bono, or without charge, to the pro se litigant. Pro se litigants have no right to be represented by court-appointed counsel, and the court has no obligation to appoint counsel. The court will appoint counsel in a few select cases where having an attorney seems particularly appropriate or important.

Though Beals' current motion was filed in the context of this criminal proceeding, this court has generally treated the proceedings arising from defendants' applications for extraordinary writs as being civil in nature. Moreover, relief in the nature of coram nobis largely deals with lingering civil disabilities resulting from a criminal conviction rather than the sentence imposed as

---

[4]The first and third prerequisites may prove more challenging for most petitioners, *see id.* at 723 ("Ballard has not demonstrated that his underlying conviction amounts to a miscarriage of justice, nor that he acted diligently in bringing this coram nobis proceeding.")

punishment for the offense of conviction. Given these considerations, this court concludes that Mr. Beals should be deemed to be eligible for appointment of pro bono counsel.[5]

If Mr. Beals is to navigate the legal prerequisites of relief in the nature of coram nobis with any chance of success, it appears to this court that he would need the assistance of knowledgeable and experienced counsel in reviewing and evaluating his claim, and in presenting that claim—if a colorable claim exists—in the most favorable light. Given the history of this proceeding and the subsequent passage of time, a viable basis for coram nobis relief at this point may prove to be elusive at best. But this court finds that Mr. Beals should have the aid of a fresh set of trained eyes in finally resolving that question.

For the reasons thus explained, and in the exercise of this court's discretion,

**IT IS ORDERED** that the Clerk of the Court appoint a pro bono attorney to assist the petitioner Richard C. Beals with the review and evaluation of his case and the presentation of his claim for relief in the nature of coram nobis, if any such claim may be asserted consistent with the standards of Fed. R. Civ. P. 11(b).

DATED this 28 day of May, 2010.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge

---

[5] Mr. Beals did not request appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and has made no showing that he is "financially unable to obtain representation" in accordance with that section.

United States District Court
for the
District of Utah
June 3, 2010

******MAILING CERTIFICATE OF THE CLERK******

RE: Beals v. USA
2:87cr143 BSJ

Mark Vincent, AUSA
via Interoffice Mail

Barbara Bearnson, AUSA
via Interoffice Mail

Louise York
Chief Deputy

Jennifer Richards, Appeals/Generalist Clerk